**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRAND TARZANA SURGICAL INSTITUTE, INC., a California Corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN,<br><br>Defendant-Appellee. | No. 16-55503<br><br>D.C. No. CV 2:14-3191 FMO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted December 4, 2017
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,** District Judge.

Appellant Brand Tarzana Surgical Institute, Inc. appeals the district court's order partially dismissing its case and granting summary judgment to Appellee International Longshore and Welfare Union-Pacific Maritime Association Welfare Plan (the Plan). For the reasons stated below, we **AFFIRM** the district court.

Brand claims that it has authority to pursue ERISA benefits because of assignments from plan participants and beneficiaries. Brand's argument fails because an assignment is not valid where prohibited by unambiguous plan language like an anti-assignment provision. *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1478 (9th Cir. 1991). The Plan's language unambiguously states that Plan benefits are not subject to assignment and any attempt to do so shall be void.

The Plan's clauses regarding the direction to pay benefits directly to the provider do not contradict the anti-assignment of benefits clause. The direct payment clauses appear to give Plan beneficiaries the right to insist that the Plan make payments directly to providers. However, nothing about the direct payment clauses suggests that providers, rather than beneficiaries, are entitled to sue the

---

** The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Plan over the breach of its obligation to make direct payments. The clauses therefore do not grant any rights to the providers, nor do they authorize the assignment of any rights to the providers.

The Plan is not estopped from asserting the anti-assignment provision. Under the theory of equitable estoppel "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955 (9th Cir. 2014). Brand has not established that the Plan made a material misrepresentation. The direct payment clauses concern eligibility to receive payments. They do not guarantee that a claim will be approved and do not give Brand the right to challenge decisions denying the claims. Thus, the Plan's representations that Brand was eligible to receive payments and the eventual decision to deny several claims do not constitute nonperformance or a lack of intent to perform the Plan's promise that Brand was eligible to receive direct payment.

The Plan did not waive the anti-assignment provision. "A plan administrator may not fail to give a reason for a benefits denial during the administrative process and then raise that reason for the first time when the denial is challenged in federal

3

court." *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 719 (9th Cir. 2012). The anti-assignment provision, however, is a litigation defense, not a substantive basis for claim denial. The Plan did not need to raise it during the claim administration process. Further, the Plan did not waive the provision through its course of dealing with Brand. There is no evidence that the Plan or its vendors took action inconsistent with the anti-assignment provision or that they were aware, or should have been aware, that Brand was acting as an assignee. *Spinedex*, 770 F.3d at 1297.

**AFFIRMED**.