**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

BEVERLY OAKS PHYSICIANS
SURGICAL CENTER, LLC, A
California Limited Liability
Company,

*Plaintiff-Appellant*,

v.

BLUE CROSS AND BLUE SHIELD OF
ILLINOIS; DOES, 1 through 100,
*Defendants-Appellees.*

</td>
<td>

No. 19-55820

D.C. No.
2:18-cv-03866-
RSWL-JPR

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted August 14, 2020[*]
Pasadena, California

Filed December 17, 2020

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Kim McLane Wardlaw and Richard R. Clifton, Circuit Judges, and Jennifer Choe-Groves,** Judge.

Opinion by Judge Choe-Groves

**SUMMARY***

**Employee Retirement Income Security Act**

The panel reversed the district court's dismissal of a healthcare provider's claim for benefits under the Employee Retirement Income Security Act, and remanded the case to the district court.

The panel held that plaintiff, an assignee of its patients, sufficiently alleged that defendant waived or was equitably estopped from raising an anti-assignment provision in ERISA plan documents as a reason for denying the benefits claim for the first time in litigation.  Specifically, defendant confirmed that ERISA plan benefits were available during pre-surgery conversations, plaintiff submitted the claim form to defendant indicating that it sought to recover benefits via a patient assignment, and defendant either denied in full or underpaid the claims during the administrative claim process without asserting the anti-assignment provision as a ground for denying a full reimbursement.

** The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

*** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Richard D. Williams and Mina Hakakian, Williams Law Firm PC, Los Angeles, California, for Plaintiff-Appellant.

Raymond A. Cardozo and David J. de Jesus, Reed Smith LLP, San Francisco, California; Martin J. Bishop, Reed Smith LLP, Chicago, Illinois; Amir Shlesinger, Reed Smith LLP, Los Angeles, California; for Defendant-Appellee Blue Cross and Blue Shield Of Illinois.

**OPINION**

CHOE-GROVES, Judge:

Plaintiff-Appellant Beverly Oaks Physicians Surgical Center, LLC ("Beverly Oaks") appeals the district court's dismissal of its claim for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Beverly Oaks contends that Defendant-Appellee Blue Cross and Blue Shield of Illinois ("Blue Cross") waived or is equitably estopped from raising an anti-assignment provision as a reason for denying a benefits claim for the first time in litigation when Blue Cross confirmed that plan benefits were available during pre-surgery conversations, Beverly Oaks submitted the claim form to Blue Cross indicating that it sought to recover benefits via a patient assignment, and Blue Cross either denied in full or underpaid the claims during the administrative claim process without asserting the anti-assignment provision as a ground for denying full reimbursement. Because we agree that Beverly Oaks stated an ERISA claim for benefits under a theory of waiver or equitable estoppel, we reverse and remand.

# I

Beverly Oaks, an out-of-network healthcare provider, performed medical procedures on 14 patients who were covered under employer-sponsored health insurance plans administered by Blue Cross.  Eleven patients were covered under the Teamsters Western Region & Local 177 Health Care Plan ("Teamsters Plan").  One patient was covered under the Williams Lea Health Care Plan ("Williams Lea Plan") and another under the Woodward, Inc. Health Care Plan ("Woodward Plan").  The remaining patient with the unknown insurance plan is identified in the record as "Patient E."[1]

The language in the Summary Plan Description[2] accompanying the Teamsters Plan bars a participant from assigning benefits ("Participants are generally responsible for notifying the Fund of changes in family circumstances. Benefits are not assignable, although the Fund will honor qualified medical child support orders.").  Further, the Teamsters Plan Rules and Regulations reiterates that benefits are not assignable.[3]  Both the Williams Lea and

---

[1] Beverly Oaks does not challenge in this appeal the dismissal of the claim as to Patient E.

[2] "The [Summary Plan Description] is the statutorily established means of informing participants of the terms of the plan and its benefits." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1329 (9th Cir. 1996) (citations omitted).

[3] Article X, Section B, of the Teamsters Plan Rules and Regulations provides:

> Benefits payable hereunder shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, or charge by any

Woodward Plans contain identical provisions barring the assignment of benefits.**[4]**

As a precondition to receiving medical treatment, the patient signed Beverly Oaks' Financial Responsibility Agreement, assigning Beverly Oaks the right to collect benefits under their Blue Cross insurance plans.  Before providing each patient medical services, Beverly Oaks contacted Blue Cross to determine benefit coverage and eligibility for out-of-network benefits.  In these pre-surgery conversations, Blue Cross represented to Beverly Oaks that benefits were paid on an out-of-network basis at a "typical" rate of 50% to 100% of the claim and provided additional information such as the deductible amount and the patient's account type.

After surgery, Beverly Oaks submitted a claim to Blue Cross on behalf of the patient.  Beverly Oaks indicated on the claim form that it sought to collect ERISA benefits via a

---

person; however any Eligible Employee may direct that benefits due him/her, except benefits payable under Article III, be paid to an institution in which he/she or his/her Dependent is hospitalized, or to any provider of medical, dental or vision care services or supplies in consideration for Hospital, medical, dental or vision care services rendered or to be rendered.

**[4]** The anti-assignment provision reads:

A Covered Patient's claim for benefits under this Health Care Plan is expressly non-assignable and non-transferable in whole or in part to any person or entity, including any Provider, at anytime before or after Covered Services are rendered to a Covered Person. . . . Any such assignment or transfer of a claim for benefits or coverage shall be null and void.

patient assignment of benefits. Blue Cross processed and adjudicated each claim during the administrative claim process, either denying the claim in full or issuing a small reimbursement for the amount Beverly Oaks claimed. At no time during the pre-surgery conversations or during the administrative claim process did Blue Cross advise Beverly Oaks that it intended to assert an anti-assignment provision as a basis for denying reimbursement sought under a patient assignment of benefits.

In short, Beverly Oaks submitted 17 claims to Blue Cross totaling over $1,400,000 for services rendered to 14 patients. Blue Cross denied in full or reimbursed Beverly Oaks less than 10% of the claimed benefits, just over $130,000 in total.

Beverly Oaks brought this action against Blue Cross to recover additional benefits on the submitted claims under ERISA. Beverly Oaks attached to the complaint the Financial Responsibility Agreement between Beverly Oaks and its patients, an exemplar of the submitted claim or billing form, and a summary chart showing the claims for benefits that Beverly Oaks sought to recover. Beverly Oaks alleged that Blue Cross waived or was equitably estopped from asserting the anti-assignment provision in the plan documents because Blue Cross did not assert that provision either during the pre-surgery telephone conversations or the administrative claim process.

Blue Cross moved to dismiss, arguing that Beverly Oaks lacked standing to receive benefits because the anti-assignment provision in the patients' healthcare plans were valid, enforceable, and thus barred a non-plan beneficiary or participant from collecting benefits. Blue Cross cited cases rejecting arguments that a plan administrator waived an anti-assignment provision by not asserting it before litigation.

The district court agreed and dismissed Beverly Oaks' complaint with leave to replead.

Beverly Oaks repleaded the ERISA claim and advanced again its argument that Blue Cross waived or was equitably estopped from asserting the anti-assignment clause as a basis to deny benefits when asserted for the first time in litigation. Blue Cross moved to dismiss and reasserted that the anti-assignment provisions in the insurance plans barred the patient from assigning benefits to a provider such as Beverly Oaks and thus Beverly Oaks lacked standing to bring an ERISA denial of benefits claim. The district court found that the repleaded allegations lacked "any new facts sufficient to establish waiver or estoppel" and reaffirmed its conclusion that "when raising an [anti-assignment provision] to contest standing, it is not waived for failure to raise it during the claim administration process." The district court reiterated that evidence of direct communications and payment do not show a clear and convincing waiver of the anti-assignment provision.[5]

Beverly Oaks' appeal followed and we have jurisdiction under 28 U.S.C. § 1291.

## II

We review de novo the district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). In conducting this review, we accept as true the pleaded factual allegations and "construe those facts in the

---

[5] The district court granted Beverly Oaks leave to amend only the claims based on the Teamsters Plan. Upon repleading and with Blue Cross moving to dismiss, the district court held that the language in the Teamsters Plan precluded a patient from assigning benefits.

light most favorable to the plaintiff." *Smith v. Pac. Props. and Dev. Corp.*, 358 F.3d 1097, 1099 (9th Cir. 2004). We may also "consider materials that are submitted with and attached to the [c]omplaint"; "judicial notice of matters of public record"; and "unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (internal quotation marks and citations omitted).

### III

Beverly Oaks contends on appeal that the district court erred in finding as a matter of law that it failed to adequately plead that Blue Cross' conduct supported a theory of waiver or that Blue Cross was equitably estopped from asserting the anti-assignment provision as a defense for the first time in litigation as a basis to deny benefits.[6] We agree.

### A

When making a claim determination under ERISA, "an administrator may not hold in reserve a known or reasonably knowable reason for denying a claim, and give that reason for the first time when the claimant challenges a benefits denial in court." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1296 (9th Cir. 2014) ("*Spinedex*"); *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 719 (9th Cir. 2012) ("A plan administrator may not fail to give a reason for a benefits denial during the

---

[6] Beverly Oaks does not challenge in this appeal the enforceability of the anti-assignment provisions.

administrative process and then raise that reason for the first time when the denial is challenged in federal court[.]'").

It is settled law that "health care providers are not 'beneficiaries' within the meaning of ERISA's enforcement provisions." *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 874 (9th Cir. 2017); 29 U.S.C. § 1132(a)(1) (noting that only participants and beneficiaries have standing to bring a lawsuit). "[A] non-participant health care provider . . . cannot bring claims for benefits on its own behalf. It must do so derivatively, relying on its patients' assignments of their benefits claims." *DB Healthcare, LLC*, 852 F.3d at 874 (quoting *Spinedex*, 770 F.3d at 1298).

"Anti-assignment clauses in ERISA health plans are valid and enforceable." *Spinedex*, 770 F.3d at 1296 (citation omitted). Yet, a plan administrator can waive the right to enforce an anti-assignment provision. *See id.* at 1296–97 (concluding that the defendant-claims administrator did not raise the anti-assignment provision during the administrative claim process because "there [wa]s no evidence that [the claims administrator] was aware, or should have been aware, during the administrative process that [the plaintiff-medical provider] was acting as its patients' assignee").

Waiver is "the intentional relinquishment of a known right." *Gordon v. Deloitte & Touche LLP Grp. Long Term Disability Plan*, 749 F.3d 746, 752 (9th Cir. 2014) (citing *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991) (Waiver occurs when "a party intentionally relinquishes a right, or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.")). To show that Blue Cross waived the anti-assignment provision that would otherwise foreclose

Beverly Oaks from having statutory standing in this ERISA action, Beverly Oaks must plead sufficient facts that Blue Cross "was aware or should have been aware, during the administrative [claim] process that [Beverly Oaks] was acting as its patients' assignee." *See Spinedex*, 770 F.3d at 1297.

Here, Beverly Oaks pleaded adequately facts supporting waiver. On the claim form submitted to Blue Cross, Beverly Oaks indicated that it was acting as its patient's assignee.[7] Blue Cross processed the claim form, denied in full or underpaid Beverly Oaks' billed charges, and at no time during the administrative claim process did Blue Cross raise the anti-assignment provision as a basis to deny benefits. These allegations show plausibly that Blue Cross should have at least been aware that Beverly Oaks sought to collect plan benefits through a patient assignment because Beverly Oaks marked the appropriate box on the claim form indicating that it was pursuing plan benefits through a patient assignment. *See Spinedex*, 770 F.3d at 1297. The allegations also show plausibly that Blue Cross' silence and payment was "so inconsistent with an intent to enforce" the anti-assignment clause as to "induce a reasonable belief that [the right to enforce the clause] ha[d] been relinquished." *See Intel Corp.*, 952 F.2d at 1559. Further, that Blue Cross "h[e]ld in reserve a known or reasonably knowable reason for denying a claim, and g[a]ve that reason for the first time when [Beverly Oaks] challenge[d] a benefits denial in court" supports the waiver allegations. *See Spinedex*, 770 F.3d at 1296; *Harlick*, 686 F.3d at 720 ("ERISA and its implementing regulations are undermined where plan

---

[7] The claim form attached as an exhibit to the original Complaint and First Amended Complaint shows a "Y" in box 53, indicating that Beverly Oaks asserted its claim via a patient assignment of benefits.

administrators have available sufficient information to assert a basis for denial of benefits, but choose to hold that basis in reserve rather than communicate it to the beneficiary." (internal quotation marks and citations omitted)).

The two unpublished decisions of our court upon which Blue Cross relies, *Brand Tarzana Surgical Institute, Inc. v. International Longshore & Warehouse Union-Pacific Maritime Ass'n Welfare Plan*, 706 F. App'x 442 (9th Cir. 2017) ("*Brand Tarzana*") and *Eden Surgical Center v. Cognizant Technology Solutions Corp.*, 720 F. App'x 862 (9th Cir. 2018) ("*Eden Surgical Center*"), are unpersuasive. Those decisions are not binding on us as precedent, and, as such, cannot supersede our holdings in *Spinedex* and *Harlick*, which are binding. Moreover, those decisions do not ultimately support the position advocated by Blue Cross here.

In *Brand Tarzana*, we stated that an "anti-assignment provision . . . is a litigation defense, not a substantive basis for claim denial." 706 F. App'x at 443. That statement, however, does not undermine *Spinedex*'s holding that an insurer or claim administrator may waive the ability to raise an anti-assignment provision as a defense when they take action inconsistent with that provision or are aware that the claimant is acting as an assignee. *See* 770 F.3d at 1296. Indeed, *Brand Tarzana* faithfully and accurately applied *Spinedex*. *See* 706 F. App'x at 443–44 ("There is no evidence that the Plan or its vendors took action inconsistent with the anti-assignment provision or that they were aware, or should have been aware, that Brand was acting as an assignee.") (citing *Spinedex*, 770 F.3d at 1297).

*Eden Surgical Center* is similarly unavailing. The court there held that the plaintiff's waiver argument failed because the "[d]efendants raised the anti-assignment provision after

the suit commenced to contest [the plaintiff]'s standing to sue, not as a reason to deny benefits." *Eden Surgical Center*, 720 F. App'x at 863. That holding also does not conflict with *Spinedex*.

Absent from *Eden Surgical Center* and *Brand Tarzana* is a rationale for condoning an insurer or plan administrator's course of conduct in failing to raise the anti-assignment provision during the administrative claims process and then later asserting that provision as a "litigation defense" to avoid payment of benefits. Further, relying on *Eden Surgical Center* and *Brand Tarzana* to accept the "litigation defense" as a basis to deny waiver leaves an insurer or plan administrator unaccountable for prior conduct contrary to its litigation position.

The district court erred in finding waiver inapplicable as a matter of law. Under *Spinedex*, Beverly Oaks alleged plausibly that Blue Cross waived the anti-assignment provisions in the Teamsters, Williams Lea, and Woodward Plans. Blue Cross thus cannot raise the anti-assignment provision for the first time in litigation when Blue Cross held that provision in reserve as a reason to deny benefits.

**B**

Beverly Oaks also alleged facts that showed plausibly that Blue Cross made an actionable misrepresentation and was thus equitably estopped from raising the anti-assignment provisions as a litigation defense contrary to its prior conduct. To be sure, Beverly Oaks has actually asserted only a single claim, for failure to pay ERISA plan benefits. It has argued alternative legal theories to support that claim, namely waiver and equitable estoppel, but both are offered to support the same claim, so our conclusion regarding the waiver argument is enough to reinstate this

action.   Nonetheless, in case it might matter as the case proceeds, Beverly Oaks should be allowed to proceed with its estoppel argument as well, based on its pleading.

Equitable estoppel "holds the fiduciary to what it had promised and operates to place the person entitled to its benefit in the same position he would have been in had the representations been true." *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955 (9th Cir. 2014) (internal quotation marks and citations omitted).   Under this theory of relief, a plaintiff must allege the traditional equitable estoppel requirements: "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Id.* (citations omitted).   In the ERISA context, the plaintiff must allege three additional requirements: "(1) extraordinary circumstances; (2) that the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect; and (3) that the representations made about the plan were an interpretation of the plan, not an amendment or modification of the plan."   *Id.* at 957 (internal quotation marks and citations omitted).   "[E]xtraordinary circumstances" in this context may be established by alleging facts that show a defendant made a promise that they reasonably should have expected to induce action or forbearance on the plaintiff's part, combined with a showing of repeated misrepresentations over time.   *Id.* (internal citations and quotation marks omitted).

Drawing all reasonable inferences in Beverly Oaks' favor, it is plausible that (1) Blue Cross knew about the anti-assignment provisions; (2) Beverly Oaks had a basis for

believing that Blue Cross intended to provide benefits for the claimed procedures; (3) Beverly Oaks was unaware of the anti-assignment provisions; and (4) Beverly Oaks relied on Blue Cross' acquiescence of the patients' assignment of benefits to its detriment. *See id.* at 955–57. Beverly Oaks has also adequately pleaded facts to satisfy the three equitable estoppel requirements specific to the ERISA context. Beverly Oaks has adequately pleaded extraordinary circumstances. It pleaded that Blue Cross made it a promise ("[I]n each telephone communication [Blue Cross'] representative advised [Beverly Oaks'] representative that [Beverly Oaks] was eligible to receive payment as an out of network provider[.]"), that was reasonable to expect to, and did, induce Beverly Oaks into action ("If [Blue Cross'] representatives would have stated in any of these telephone communications that [Blue Cross] intended to rely upon an anti-assignment clause as a basis to bar payment, [Beverly Oaks] would not have performed surgery center facility services for the ERISA Plan in question, or any of its members or their dependents."). These misrepresentations continued over time throughout the administrative review process. Beverly Oaks pleaded that the anti-assignment provisions at issue were ambiguous. It pleaded that the representations Blue Cross made about the plan were interpretations of the plan and not amendments or modifications. That was sufficient.

## IV

Accordingly, we reverse and remand.

**REVERSED and REMANDED.**